**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| DONALD ROBBINS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:04-cv-774-SEB-VSS |
| | ) | |
| DETECTIVE TODD LAPPIN, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Motion for Summary Judgment**
**and Directing Entry of Final Judgment**

Donald Robbins, Jr. was confined for a period of time at the Marion County Jail ("Jail"). He alleges that while at the Jail he was subjected to excessive force and the denial of adequate medical care. He seeks damages.

The defendant, Detective Todd Lappin, seeks resolution of Robbins' claims through the entry of summary judgment.  Robbins has opposed Lappin's motion.

Rule 56(c) of the *Federal Rules of Civil Procedure* provides that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

Whereupon the court, having considered the pleadings, the motion for summary judgment, and the expanded evidentiary record, and being duly advised, finds for the reasons explained in this Entry that the motion for summary judgment must be **granted.**

## I. Findings of Fact

The evidentiary record on which the defendant's motion for summary judgment is based, construed most favorably to Robbins as the non-movant, shows the following:

On August 4, 2003, Robbins was brought to the Indianapolis Police Department ("IPD") Homicide Headquarters after he was apprehended fleeing from the Rosemont Tavern, where witnesses stated that they witnessed him shoot three men in the parking lot. Robbins was charged and ultimately convicted of attempted murder and murder.

At the IPD Homicide Headquarters, Robbins was confined in an interview room. Pursuant to standard practice with all murder suspects, the transporting officer handcuffed Robbins' wrist to a three foot long chain on the wall. Detective Lappin and Detective Benner arrived at the interview room. Lappin removed the handcuff from Robbins' wrist so Robbins could change from his street clothes into an orange jumpsuit because his street clothes were required for crime lab analysis.  Robbins changed clothes without assistance. Detective Lappin noticed some bruising on Robbins' upper arms and a small nick above Robbins' ear. Lappin attributed these items to Robbins' physical altercation at the Rosemont Tavern. Lappin also noticed skin discoloration on Robbins' forearms, which Lappin attributed to a pre-existing skin condition. At no time did Lappin believe that Robbins exhibited injuries requiring medical attention.

During the course of the interview, Crime Lab Specialist Melissa Wilson entered the room to collect Robbins' clothing for evidence.  Wilson photographed Robbins at this time and noticed that he appeared very intoxicated and agitated.  Although Robbins alleges in the amended complaint that Wilson had to step in between him and Lappin when Lappin was verbally threatening Robbins into making statements about the shootings, Wilson states in her affidavit that she never had to intervene during the interview to prevent Lappin from injuring Robbins, and she did not recall Lappin touching or threatening Robbins at any time.

In August 2003, the Jail had in place a procedure whereby prisoners could complain about the conditions of their confinement or of a specific incident of alleged misconduct, including the need for medical treatment. The details of the grievance procedure are outlined in the Jail's *Inmate Handbook* which each inmate receives upon incarceration at the Jail. The Jail procedure requires a grievance to be filed within forty-eight hours of the occurrence of the incident in question. Inmates are required to submit the grievance forms to the Grievance Officer.  The Grievance Officer then reviews and investigates the inmate's grievance and determines what action, if any, is necessary to resolve the inmate's grievance. Inmates receive a reply to all grievances informing them of the disposition of the grievance. All written grievances are logged in and stored at the Jail.

On September 10, 2003, Robbins submitted his first two grievances at the Jail. One grievance asked that he be allowed to donate his home television to the cell-block where he was confined. The second grievance requested assistance in obtaining his prescribed medications.  Robbins submitted five subsequent grievances, but none of them related to Lappin's alleged use of excessive force on August 4, 2003, or the alleged denial of medical care on that date.

## II. Discussion

The Prison Litigation Reform Act requires that a prisoner exhaust all available administrative remedies before initiating a lawsuit regarding prison conditions. *See* 42 U.S.C. § 1997(e); *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 537 (7th Cir. 1999).

Lappin's motion for summary judgment is based in part on the argument that

Robbins failed to exhaust his administrative remedies prior to filing this action. The Seventh Circuit has held that "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir.), *cert. denied,* 537 U.S. 949 (2002). The inquiry to be made by a court considering this question is clear:

> [I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim . . . . [C]ourts merely need to ask whether the institution has an internal administrative grievance procedure . . . . [I]f such an administrative process is in place, then § 1997e(a) requires inmates to exhaust those procedures before bringing a prison conditions claim.

*Massey v. Helman,* 196 F.3d 727, 733-34 (7th Cir. 1999).

The evidentiary record establishes that: (1) at the time of Robbins' confinement at the Jail there was an administrative grievance procedure whereby inmates could seek relief with respect to their treatment; (2) Robbins' denial of medical treatment claim and excessive force claim were within the scope of issues and concerns which could have been presented through the grievance procedure; and (3) Robbins did not utilize the Jail's grievance procedure relative to his medical treatment claim and excessive use of force claim before bringing this action. Robbins contends that he did comply with the exhaustion requirements by submitting grievances on July 6 and 7, 2004, at the Wabash Valley Correctional Facility. Although those grievances complained that Robbins had been denied medical treatment since the time of his arrest and continuing through July of 2004 at Wabash Valley, they were submitted eleven months after Robbins' alleged injuries were incurred. These grievances from July of 2004 were not filed timely in accordance with the procedures established at the Jail.  Moreover, Robbins has presented no evidence or argument that he timely filed any grievance relating to the excessive force allegedly applied by Detective Lappin on August 4, 2003.[1]

### III.  Conclusion

Congress has made it a precondition to filing that a person in Robbins' position exhaust administrative remedies before filing suit. Robbins did not do so in relation to the claims he asserts in this action. "Summary judgment is properly entered in favor of a party when the opposing party is unable to make a showing sufficient to prove an essential element of a case on which the opposing party bears the burden of proof." *Common v. Williams,* 859 F.2d 467, 469 (7th Cir. 1988). The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that this action should not have been brought and must now be dismissed without prejudice without reaching the merits of Robbins' claims. See

---

[1]  A grievance filed at the Jail on September 10, 2003, complained of Robbins not receiving medications, but did not allege the excessive use force and did not allege the post-arrest denial of medical care. Thus, this grievance did not relate to the claims asserted in this action.

*Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004); *Pozo,* 286 F.3d at 1024 (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"). The defendant's motion for summary judgment must be **granted.** Judgment consistent with this Entry shall now issue. Any motion or request not specifically addressed in this Entry is **denied.**

      **IT IS SO ORDERED**.

Date: 05/06/2005

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana